# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Yussuf M., | File No. 26-CV-0680 (JMB/LIB) |
| Petitioner, | |
| v. | |
| Donald J. Trump, *President of the United States*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; Pamela Bondi, *Attorney General*; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement and Removal Operations*, | **ORDER** |
| Respondents. | |

Abdinasir M. Abdulahi, AMA Law Office, LLC, Minneapolis, MN, for Yussuf M.

Julie T. Le and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Donald J. Trump, Kristi Noem, David Easterwood, Todd M. Lyons, Pamela Bondi.

This matter is before the Court on Petitioner Yussuf M.'s[1] Petition for Writ of

Habeas Corpus ("Petition") under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].)

Respondents Donald J. Trump, Kristi Noem, Todd M. Lyons, Pamela Bondi, and David

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Easterwood (together, "Respondents") are named in the Petition.  For the reasons explained below, the Court grants the Petition in part and orders Yussuf M. to be released.[2]

### FINDINGS OF FACT[3]

1.    Yussuf M. is a native and citizen of Somalia who entered the United States lawfully on or about April 25, 2024, as a refugee.  (Pet. ¶ 49.)

2.    Yussuf M. has a pending application to adjust his status to that of a lawful permanent resident (LPR).  (*Id.* ¶ 49, 51.)

3.    On January 26, 2026, Yussuf M. was arrested and detained by ICE.  (*Id.*)  Yussuf M. has not committed, and was not suspected of having committed, any crime and was arrested without a warrant.  (*Id.*)  There is no evidence in the record that Yussuf M. has a criminal history.

4.    There is no allegation or evidence in the record that Yussuf M. has received a Notice to Appear or that removal proceedings have been commenced against him.  Nor is there any indication that the federal government has terminated his refugee status.

### DISCUSSION

Respondents interpret 8 U.S.C. § 1159(a)(1) to require mandatory detention of all

---

[2] Because Yussuf M.'s arguments primarily concern his entitlement to immediate release, the Court declines to address the remaining relief requested.

[3] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

refugees one year after their admittance and release into the United States while awaiting inspection and examination by the Department of Homeland Security.  The Court disagrees with this interpretation and grants the Petition.

### A.    Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B.    Absence of Authority Requiring Mandatory Detention of Refugees

Turning to the merits of the Petition, the Court grants the Petition because no applicable statute authorizes Yussuf M.'s detention.

As background, under the Immigration and Nationality Act, a "refugee" is defined

as any person who has left their country of nationality or is unable or unwilling to return to that country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Following screening and vetting procedures, refugees may be lawfully admitted to the United States under 8 U.S.C. § 1157. USCIS, Refugees, https://www.uscis.gov/humanitarian/refugees-and-asylum/refugees (last visited January 20, 2026); *see Xiong v. Gonzales*, 484 F.3d 530, 534 (8th Cir. 2007) (referring to a noncitizen "who has been admitted as a refugee" (citation omitted)). Admission as a refugee is a distinct lawful immigration status and once admitted, refugees are permitted to freely reside in the United States. Within one year, refugees are required to apply for adjustment of status to lawful permanent residence. 8 U.S.C. § 1159(a); 8 C.F.R. § 209.1; *cf. Xiong*, 484 F.3d at 533–34 (referring to adjusting an admitted refugee's status to "that of a lawful permanent resident" (citation omitted)).

Respondents urge the Court to interpret 8 U.S.C. § 1159(a)(1) as a mandatory detention requirement for all refugees who have applied for but not yet obtained lawful permanent residence status after one year of residing in the United States while they await examination and inspection. The Court cannot adopt this interpretation for three reasons. First, Respondents cite no caselaw to support their interpretation of section 1159(a)(1).[4]

---

[4] Respondents do cite to *Omanovic v. Crawford*, No. CV 06-0208-PHX, 2006 WL 2256630 (D. Ariz. Aug. 7, 2006); however, *Omanovic* involved a petitioner whose application for adjustment of status had been denied due to the petitioner's criminal convictions, and where the government had already initiated removal proceedings against the petitioner charging him with removability due to the denial and his prior felonies. *Id*. at *3–4. Neither of those circumstances are present here, and Respondents offer no analysis in support of

Absent any binding legal authority, the Court declines to require or permit mandatory detention of all refugees after one year of their admission and release into this country.

Second, the plain language of section 1159(a)(1) is limited to the purpose of "inspection and examination for admission" and does not justify or contemplated prolonged, indefinite, or unlimited detention.[5]  The Court is persuaded by the analysis in the growing list of recent orders in this District that reach this conclusion.  *See Abdi F. W. v. Trump*, No. 26-cv-0208 (KMM/SGE) Doc. No. 7, at *4 (D. Minn Jan. 21, 2026); *Amin A. v. Trump*, No. 26-cv-251 (PJS/ECW) Doc. No. 10, at *2-4 (D. Minn. Jan. 26, 2026); *E.E. v. Bondi*, No. 26-cv-314 (JWB/DTS) Doc. No. 7, at *7 (D. Minn. Jan. 1, 2026); *Jerson A.D.G. v. Bondi*,  No. 26-cv-516 (DWF/DGE) Doc. No. 7, at *3-5 (D. Minn. Jan. 27, 2026).  Indeed, there is no other statutory provision that contemplates mandatory detention of refugees, and Respondents make no attempt to address the analysis in this list of orders.

Third, Respondents' interpretation conflicts with ICE's previous interpretation of this statute.  On May 10, 2010, James Chaparro, Director of Detention and Removal

---

expanding this one district court case to all refugees, including those, like Yussuf M. who have no criminal record and who are not in removal proceedings.

[5] Further, the plain language of section 1159(a) applies to "inspection and examination for admission . . . in accordance with the provisions of 1225, 1229a, and 1231."  8 U.S.C. § 1159(a)(1)(C).  Here, the record shows that none of these three provisions apply to Yussuf M., and Respondents make no attempt to justify detention based on any interpretation of sections 1225, 1229a, or 1231.  More precisely, sections 1225 and 1229a do not apply because Respondents have not commenced removal proceedings, and section 1231 cannot apply because there is no final order of removal.  Further, Yussuf M. has established that he was admitted as a refugee, he has complied with the obligation to apply for permanent status, and he is still a refugee.  (Pet. ¶ 3.)

Operations, ICE, issued a memorandum concerning refugees admitted under 8 U.S.C. § 1157 who (unlike Yussuf M.) have failed to timely apply for adjustment of status. Memorandum from James Chaparro on Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status, *available at* https://www.aila.org/library/ice-detention-of-refugees-failed-adjust-status (last visited January 20, 2026). Chaparro advised that failure to timely apply for adjustment of status "is not a sufficient ground to place them in removal proceedings, and therefore not a proper basis for detaining them" *Id.* at 2–3. If ICE does not place the unadjusted refugee in removal proceedings promptly, ICE "should release the [noncitizen] with a reminder that the INA imposes an obligation upon him or her to apply for adjustment of status . . . ." *Id.* at 3. If refugees who have failed to timely apply for adjustment of status are, pursuant to this policy, to remain out of custody with a mere reminder to apply for adjustment, then refugees who have timely applied for adjustment, like Yussuf M., should not be subject to mandatory detention.

Absent binding legal authority to support such a proposition, the Court declines to interpret section 1159 as to require or permit the mandatory detention of all refugees, after one year of residing freely, while they await inspection and examination. Instead, the Court concludes that section 1159(a) does not justify Yussuf M.'s current detention, and he must be released from custody immediately.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and

DENIED in part, as follows:

1.  Respondents are ORDERED to release Petitioner from custody <u>immediately</u>
    in Minnesota, and in any event no later than <u>4:00 p.m. CST on January 29,</u>
    <u>2026</u>.

2.  On or before <u>11:00 a.m. CT on January 30, 2026</u>, counsel for Respondents
    shall file a letter affirming that Petitioner was released from custody in
    accordance with this Order. Counsel shall also file a declaration pursuant to
    28 U.S.C. § 1746 by an individual with personal knowledge that states when
    and where the Petitioner was released, attaches any and all relevant
    documentation concerning the Petitioner's release, and affirms that all
    property of Petitioner was returned to Petitioner upon release. If Petitioner
    was transferred out of Minnesota prior to the Court's Order granting the
    Petition, counsel shall also file a declaration pursuant to 28 U.S.C. § 1746 by
    an individual with personal knowledge that includes the following: (a) the
    name or names of any individual or individuals who authorized Petitioner's
    transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and
    date when that decision was made; (d) the time and date when Petitioner was
    moved; and (e) what efforts Respondents took to return Petitioner to
    Minnesota as ordered by the Court.

3.  To the extent Petitioner seeks relief beyond an order requiring release or an
    order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2026                         /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court